IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NIXON BOLIVAR RIVERA FLORES

    Petitioner,
v.                                                  Case No. 5:23-cv-227/TKW/MAL

BARRY WINGFIELD,
WARDEN F.C.I. MARIANNA

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Nixon Bolivar Rivera Flores initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Respondent filed an answer in opposition to the petition. ECF No. 11. Petitioner did not file a response in the time afforded to do so. The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). After careful consideration of the record and relevant law, I recommend the § 2241 petition be dismissed because Petitioner did not exhaust his administrative remedies before filing his petition.

**I.     BACKGROUND**

Petitioner, a native and citizen of Ecuador, was convicted on June 27, 2018, in the Middle District of Florida of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. *See* ECF No. 11-2, 11-3. He was sentenced to a term of 108 months' imprisonment. *Id.* Petitioner is currently incarcerated at the Federal Correctional Institution in Marianna, Florida with a projected release date of September 18, 2025. *See* https://www.bop.gov/inmateloc/. FCI Marianna Warden Wingfield is properly named as Respondent in this action.

**II.    DISCUSSION**

Petitioner filed the instant habeas petition on August 16, 2023. He requests a hearing on the detainer filed by ICE (Immigrations and Customs Enforcement) to establish he is not an illegal alien and is not subject to deportation. ECF No. 1 at 2, 7. In the attachment to his petition, Petitioner complains that the BOP has construed the ICE's detainer as a Final Order of Deportation and thus refused to award him sentencing credits to which he is entitled under the First Step Act (FSA). ECF No. 1 at 9. He claims he is "not subject to deportation and the detainer is in error" *id.*, and he further contends the Attorney General has failed to provide a Due Process hearing.

Respondent maintains Petitioner's "challenge to the ICE Order of Removal" is premature because he is not yet in ICE custody. ECF No. 1 at 2. The undersigned reads the petition not as challenging an Order of Removal, but rather as complaining Petitioner had not yet been afforded a final hearing. To this extent, the petition is moot.

On October 25, 2023, after Petitioner filed the instant petition but before the Warden filed his response, the U.S. Department of Homeland Security issued a Notice and Order of Expedited Removal. ECF No. 11-2. The Notice and Order noted Petitioner had been paroled into the United States at Tampa, Florida for criminal prosecution on January 5, 2018. *Id.* The Notice and Order further identified Petitioner's criminal conviction and the fact that he is "an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act." *Id.* These factors made him subject to removal. *Id.* Thus, regardless of whether this Court would have jurisdiction to address Petitioner's complaint about the lack of ICE hearing, this claim has been rendered moot by the Notice and Order of Expedited Removal, despite Petitioner's protestations that he is not subject to removal.[1]

---

[1] A petitioner seeking to challenge a final order of removal must file a petition for review within thirty (30) days of the order's issuance. *Lucas v. Attorney General*, 652 F. App'x 854 (11th Cir.

Respondent also maintains Petitioner has not exhausted his administrative remedies with respect to his claim regarding the "BOP's refusal to apply FSA time credits after (sic) the date of the removal order." ECF No. 11 at 2. Respondent additionally asserts the petition should be denied on the merits because 18 U.S.C. § 3632(d)(4)(E)(i) provides that prisoners subject to a final order of removal under any provision of the immigration laws are ineligible to receive time credits. Respondent does not differentiate between Petitioner's request for FSA credits before the entry of the final order of removal versus afterward, when award of credits is statutorily prohibited. However, because the uncontroverted record reflects

---

2016) (citing 8 U.S.C. §1252(b)(1); Fed. R. App. P. 15(a)(1); *Dakane v. U.S. Att'y Gen.,* 399 F. 3d 1269, 1272 n.3 (11th Cir. 2005)). Expedited removal orders are not subject to judicial review, except in very limited circumstances. *See Javier Gonzalez v. United States Att'y Gen.,* 844 F. App'x 129, 131 (11th Cir. 2021) (citing 8 U.S.C. § 1252(a)(2)(A) and (e)). The *Gonzalez* court stated:

> Title 8 U.S.C. § 1252(a)(2)(A) provides that "[n]otwithstanding any other provision of law ... , no court shall have jurisdiction to review-- (i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an [expedited] order of removal." In relevant part, 8 U.S.C. § 1252(e) permits "[j]udicial review of any determination" concerning an expedited order of removal "in habeas corpus proceedings[.]" However, judicial review in habeas corpus proceedings "shall be limited to determinations of-- (A) whether the petitioner is an alien, (B) whether the petitioner was ordered [expeditiously] removed ... , and (C) whether the petitioner can prove by a preponderance of the evidence that" he is "an alien lawfully admitted for permanent residence, ... as a refugee ... , or has been granted asylum." *Id.* at § 1252(e).

*Gonzalez*, 844 F. App'x at 132, n.4.

Petitioner did not exhaust his administrative remedies as to his FSA credits claim before filing the instant petition, the Court need not reach that issue.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id.* Respondent has asserted the defense in this case.

To properly exhaust administrative remedies, an inmate must comply with the prison's deadlines and procedural rules. *Blevins v. FCI Hazelton Warden,* 819 F. App'x 853, 856 (11th Cir. 2020); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system comprised of one informal and three formal levels. *See* 28 C.F.R. §§ 542.10-542.19. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford*, 548 U.S. 81; *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins*, 819 F. App'x at 856.

The record demonstrates Petitioner attempted informal resolution of the FSA credit issue on July 18, 2023. ECF No. 11-8 at 3. BOP records reflect he filed a single formal Administrative Remedy (BP-9) regarding the application of earned FSA Credits on July 26, 2023. ECF No. 11-7 at 2; 11-8. However, on September 12, 2023, Petitioner signed a form indicating his intent to withdraw his BP-9. ECF No. 11-8 at 2. Petitioner has submitted nothing in response to the Warden's evidence and arguments. Therefore, the Court concludes he has not completed the exhaustion process, the Warden has not waived the defense of exhaustion, and his petition is subject to dismissal on this basis.

Accordingly, it is respectfully RECOMMENDED:

1. The petition under 28 U.S.C. § 2241 (ECF No. 1) be DISMISSED.

2. The clerk be directed to close the case file.

At Gainesville, Florida on January 23, 2024.

<div style="text-align:right">
s/ <i>Midori A. Lowry</i><br>
Midori A. Lowry<br>
United States Magistrate Judge
</div>

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.